E-FILED
Monday, 08 April, 2019 02:17:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOB KING, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 19-cv-1120 |
| v. | ) ) ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM INSURANCE COMPANIES HEALTH REIMBURSEMENT ARRANGEMENT PLAN FOR UNITED STATES MEDICARE-ELIGIBLE RETIRED AGENTS, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Bob King brings suit under the Employee Retirement Income Security Act to obtain benefits promised to retired agents of defendant State Farm Mutual Automobile Insurance Company under the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible Retired Agents.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 29 U.S.C. §1132(e)-(f) and 28 U.S.C. §1331.

3.  Venue in this District is proper because defendants are located here.

### PARTIES

4.  Plaintiff Bob King is a resident and citizen of Florida.

5.  Plaintiff Bob King is a retired agent of defendant State Farm Mutual Automobile Insurance Company.

6.  Plaintiff Bob King is entitled to benefits under the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible

Retired Agents.

7. Defendant State Farm Mutual Automobile Insurance Company is a corporation with its principal place of business at One State Farm Plaza, Bloomington, IL 61710-0001.

8. Defendant State Farm Mutual Automobile Insurance Company is the plan administrator and fiduciary for the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible Retired Agents.

9. The State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible Retired Agents is also made a party as provided for in 29 U.S.C. §1132(d).

### FACTS

10. Effective on or about January 1, 2019, defendants published on the website applicable to the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible Retired Agents a revised list of medical and dental expenses eligible for reimbursement under the Plan. A copy of the list is attached as Exhibit A.

11. During January 2019, after seeing the revised list and in reliance thereon, plaintiff contracted for dental work that was covered under the list.

12. The work plaintiff contracted for, and many of the medical and dental services on the list, cannot be performed instantaneously. Rather, the services require a course of treatment lasting weeks or months.

13. Effective February 1, 2019, without advance notice, defendants replaced Exhibit A with another list, Exhibit B.

14. Defendants then denied plaintiff's claims for the dental work contracted while Exhibit A was in effect. A copy of the denial is in Exhibit C.

15. The bills defendants refused to pay were covered by Exhibit A.

16. Defendants have similarly failed to pay covered medical and dental bills of other persons entitled to benefits under the Plan.

17. Defendants contracted to provide the benefits listed in Exhibit A.

18. Defendants are estopped from denying benefits to persons who contracted for medical or dental services while Exhibit A was in effect.

## **VIOLATION ALLEGED**

19. Plaintiff brings suit pursuant to 29 U.S.C. §1132, which provides:

(a) Persons empowered to bring a civil action

A civil action may be brought–

>  (1) by a participant or beneficiary–
>
>> (A) for the relief provided for in subsection (c) of this section, or
>>
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
>
> (4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
>
> (5) except as otherwise provided in subsection (b), by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; . . .
>
> (8) by the Secretary, or by an employer or other person referred to in section 1021(f)(1) of this title, (A) to enjoin any act or practice which violates subsection (f) of section 1021 of this title, or (B) to obtain appropriate equitable relief (i) to redress such violation or (ii) to enforce such subsection; . . .

(g) Attorney's fees and costs; awards in actions involving delinquent contributions

> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. . . .

(h) Service upon Secretary of Labor and Secretary of the Treasury

A copy of the complaint in any action under this subchapter by a participant, beneficiary,

or fiduciary (other than an action brought by one or more participants or beneficiaries under subsection (a)(1)(B) which is solely for the purpose of recovering benefits due such participants under the terms of the plan) shall be served upon the Secretary and the Secretary of the Treasury by certified mail. Either Secretary shall have the right in his discretion to intervene in any action, except that the Secretary of the Treasury may not intervene in any action under part 4 of this subtitle. If the Secretary brings an action under subsection (a) on behalf of a participant or beneficiary, he shall notify the Secretary of the Treasury.

## **CLASS ALLEGATIONS**

20. Plaintiff brings suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3).

21. The class consists of all participants and beneficiaries of the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Medicare-Eligible Retired Agents who present claims for services covered under Exhibit A that were not paid.

22. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of each class.

23. Defendant has applied a uniform policy or practice to the class as a whole, namely issuing Exhibit A and then suddenly replacing it with Exhibit B.  Injunctive relief is necessary with respect to the class as a whole.

24. Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

25. Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants:

  i. Requiring defendants to honor claims for services covered by Exhibit A;

  ii. Entering judgment for unpaid benefits and contributions;

  iii. Awarding attorney's fees, litigation expenses and costs of suit;

  iv. Awarding prejudgment interest;

  v. Granting such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman