IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOB KING, individually and on behalf of a class, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-1120-JES-TSH |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM INSURANCE COMPANIES HEALTH REIMBURSEMENT ARRANGEMENT PLAN FOR UNITED STATES ELIGIBLE INDIVIDUALS, | ) Judge James E. Shadid ) ) Magistrate Judge Tom Schanzle-Haskins ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff's cursory and factually unsupported motion should be denied because he has failed to meet his burden under all required elements of Federal Rule of Civil Procedure 23.

### INTRODUCTION

Plaintiff Bob King, a participant in the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Employees (the "Plan"),[1] brings suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiff contends that Defendants are estopped from denying a benefit reimbursement claim he submitted for dental work. Plaintiff further alleges he contracted for the services in reliance on a list of reimbursable expenses that was posted to a website containing Plan information.

Plaintiff seeks to certify a class of all Plan participants and beneficiaries who submitted claims for services, allegedly in reliance on the same list upon which Plaintiff claims to have relied, that were not reimbursed. But such a class cannot be certified because, even assuming

---

[1] Plaintiff erroneously describes the Plan in his case caption.

ERISA estoppel claims are permissible, they turn on individualized showings of knowledge and detrimental reliance that are not susceptible to class treatment.

ERISA estoppel claims are generally not permitted because ERISA plans must be in writing. 29 U.S.C. § 1102(a). *See also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995); *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015). In light of this requirement, the Seventh Circuit has held that statements of conduct by individuals can only estop enforcement of the plan's written terms in "extreme circumstances." *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 636 (7th Cir. 2007) (citations omitted). This is because allowing an ERISA plan's terms to be modified by representations made outside the written plan documents "would undermine the goals of insuring uniform application and safeguarding their actuarial soundness." *Winkelspecht v. Gustave A. Larson Co.*, 857 F. Supp. 2d 793, 800 (E.D. Wis. 2012) (citing *Coker v. Trans World Airlines, Inc.,* 165 F.3d 579, 585 (7th Cir. 1999)).

Plaintiff's claim here hinges on an extraneous statement outside the Plan's written language. Thus, to meet the required "extreme circumstances," he must show: "(1) a knowing misrepresentation; (2) made in writing; (3) reasonable reliance…; and (4) that the reliance was to the plaintiff's detriment." *Pearson v. Voith Paper Rolls, Inc.*, 656 F.3d 504, 509 (7th Cir. 2011). "Negligence is not sufficient to meet the standard for a knowing misrepresentation." *Id.* (citing *Kannapien*, 507 F.3d at 636 (inadvertence and clerical errors are not knowing misrepresentations)); *see also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 467 (7th Cir. 2005) ("inadvertent error" insufficient to establish estoppel claims).

Thus, assuming *arguendo* Plaintiff could make the requisite showing to avoid application of the Plan's express terms on his claim, the individual inquiries necessarily implicated by his estoppel claim preclude class certification. These inquiries include, among other things, (a) what

2

each putative class member allegedly saw regarding covered medical services; (b) whether each putative class member acted in reliance on anything he or she saw or did not see; (c) what each putative class member did, if anything, in detrimental reliance upon such information; and (d) whether, and when, each putative class member embarked on his or her claimed service or course of treatment. Plaintiff's claim is therefore inappropriate for class treatment.

## STATEMENT OF FACTS

The Plan is an ERISA-qualified health reimbursement arrangement ("HRA"). *See* Declaration of Ashley Michalak ("Michalak Aff."), ¶ 6. An HRA is a plan funded by the plan sponsor that reimburses participants for expenses the HRA identifies as eligible for reimbursement. *See Gilberston v. City of Sheboygan*, 165 F. Supp. 3d 742, 745 (E.D. Wis. 2016); *see also* Michalak Aff. ¶ 6, Ex. B at 3 (Purpose of Plan is "to provide an HRA that can be used by Eligible Individuals to reimburse their Covered Expenses."). The Plan identifies a limited group of expenses as eligible for reimbursement. Michalak Aff. ¶ 6, Ex. B at 5–6. Specifically:

- Individual premiums for Medicare Supplemental, Advantage or Prescription Drug plans;

- Out-of-pocket expenses for eligible medical plan changes (e.g., deductibles, coinsurance, and/or copays);

- Out-of-pocket prescription drug costs; and

- Contributions paid on an after-tax basis for group medical coverage provided by another employer, or individual policies purchased as a bridge between Medicare eligibility and the effective date of Medicare enrollment.

*Id.*

Plaintiff is a participant in the Plan. (Dkt. 18 ¶ 6.) He alleges that in January 2019, Defendants posted a list of medical services that would be eligible for reimbursement under the Plan (the "January 2019 List"). (*Id.* ¶¶ 6, 10.) That list identifies a much broader list of expenses that were purportedly eligible for reimbursement (*see* Dkt. 13, Ex. B), contrary to the Plan's much

3

narrower list of eligible expenses. However, the January 2019 List was not posted by Defendants, nor did Defendants authorize its posting. Michalak Aff. ¶¶ 11-13, Ex. F. Once Defendants became aware of the January 2019 List, they directed that it be replaced with a correct list, and determined it had been inadvertently posted by a third-party service provider. *Id*. ¶¶ 12, 13.

Plaintiff further contends that he contracted for dental work in reliance on the January 2019 List. (Dkt. 18 ¶¶ 11, 14; Dkt. 31, at 1.) Plaintiff acknowledges that the January 2019 List was removed and replaced in February 2019. (Dkt. 18 ¶ 13.) Plaintiff's claimed expense was denied because it was not eligible under the Plan. (*Id*. ¶ 15, Ex. D).

Plaintiff purports to bring his ERISA claim on behalf of a class of 283 participants and beneficiaries of the Plan who presented claims for services listed on the January 2019 List that were not reimbursed. (Dkt. 18 ¶ 22; Dkt. 31 at 1.) Plaintiff alleges that he contracted for the dental work in reliance on the January 2019 List (Dkt. 18 ¶ 11) and that Defendants are "estopped from denying benefits to persons who contracted for medical and dental services" while the January 2019 List was posted.[2] (*Id*. ¶ 19.)

## ARGUMENT

**I.    Applicable Legal Standards**

In order to demonstrate that class certification is proper, a plaintiff must show by a "preponderance of the evidence" that all four requirements of Rule 23(a)—numerosity,

---

[2]    Plaintiff additionally argues the January 2019 List "was the authorized list." (Dkt. 31 at 1.) But the sole theory pled in his complaint is that Defendants are estopped from denying benefits, regardless of the List's origin. (Dkt. 18, ¶¶ 11, 19.) Plaintiff cannot amend his complaint through arguments in a brief. *See, e.g.*, *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Moreover, Plaintiff simply attached the January 2019 List to his brief without any explanation as to who prepared it or where was it posted, and without any evidence Defendants "authorized" its publication. Plaintiff cannot ask this Court to grant class certification by presuming his claims have evidentiary support. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). As noted *supra*, the record evidence shows the January 2019 List was not authorized by Defendants, and was erroneously posted. Michalak Aff. ¶¶11-13, Ex. F.

commonality, typicality, and adequacy of representation—and at least one provision of Rule 23(b) are satisfied. *Starr v. Chi. Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 871 (ND. Ill. 2014). Rule 23 requires that the court engage in a "rigorous analysis" to determine that all elements have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). Plaintiff bears the burden of "affirmatively" showing that "there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 350 (emphasis in original); *see also Ahad v. Bd. Of Trs. of S. Ill. Univ.*, No. 15-cv-3308, 2018 WL 4350180, at *8 (C.D. Ill. Sept. 12, 2018). Indeed, Rule 23 is exacting, and "[f]ailure to meet any one of the requirements of Rule 23 precludes certification of a class." *Smith v. Family Video Movie Club, Inc.*, No. 11 CV 1773, 2013 WL 1628176, at *2 (N.D. Ill. Mar. 31, 2015) (quoting *Harrison v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993)).

"Mere assertion" by a plaintiff that the putative class satisfies Rule 23 "is not enough," as Rule 23 "does not set forth a mere pleading standard." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350); *Messner v. Northsore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012) ("On . . .class certification . . . a court may not simply assume the truth of the matters as asserted by the plaintiff"). "[A]ctual, not presumed, conformance" must be established. *Falcon*, 457 U.S. at 160.

**II. Plaintiff Fails to Show that Certification is Warranted Under Rule 23(a).**

As an initial matter, Plaintiff's argument that the putative class satisfies Rule 23(a) fails because he never moves beyond superficial and conclusory assertions. Plaintiff's brief is supported only by a copy of the January 2019 List, a copy of the February 2019 list, and an affidavit of counsel. (Pl. Br. Ex. A, Ex. B., Ex. C.) But Plaintiff offers no explanation or further information regarding either Plaintiff's Exhibit A or B. *See* n. 2 *supra*. Given this lack of explanation, the brief itself contains only bare assertions that do not show "*in fact*" that there are

5

common issues that would support class certification. *Wal-Mart Stores, Inc.*, 564 U.S. at 350. Moreover, a further review of each individual certification element shows that there are numerous additional reasons why Plaintiff's motion should be denied.

### A. Ascertainability and Numerosity

Even before getting to numerosity, "ascertainability" must be addressed. *Steimel v. Minott*, No. 1:13-cv-957-JMS-MJD, 2014 WL 1213390, at *1 (S.D. Ind. Mar. 24, 2014). That is, the proposed class must be "sufficiently definite that its members are ascertainable." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012). To satisfy this requirement, a plaintiff must define the class with reference to "objective criteria" and must show that it is administratively feasible for the court to determine whether a particular individual is a class member. *Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2011 WL 1559330, at *4 (N.D. Ill. Apr. 25, 2011).

Here, Plaintiff asserts there are 283 putative class members, and that this number is "plainly ascertainable" and "readily available to administrators of the Plan." (Pl. Br. at 4.) Plaintiff refers to a spreadsheet (*id.* at 5) produced by Defendants, but does not include it as part of his motion. Thus, Plaintiff offers absolutely no factual support for his ascertainability argument. He simply declares it to be so. *Id.* at 4. As noted above, Plaintiff's satisfaction of class certification elements cannot be presumed. *Falcon*, 457 U.S. at 160. Absent *any* evidentiary support, the Court has no basis for concluding that Plaintiff has identified an ascertainable class. *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945, 948 (11th Cir. 2015) ("A plaintiff cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible."); *Burke v. Local 710 Pension*

*Fund et at.*, No. 98 C 3723, 2000 WL 336518, at *2–3 (N.D. Ill. Mar. 28, 2000) (class certification denied where plaintiffs failed to offer evidence of the size of the class); *Bouton v. Ocean Props.*, 322 F.R.D. 683, 696 (S.D. Fla. 2017) (class was not ascertainable where plaintiff provided "no data" and did "not even attempt to explain how the class is ascertainable"). Moreover, simply having a claim denied does not establish an ascertainable class, when that class definition hinges on individualized issues, as discussed *supra* and *infra.*

Nor can Plaintiff sandbag Defendants by attempting to provide that support later in his reply brief. *Murphy v. Vill. of Hoffman Estates*, No. 95 C 5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999). *See also Carrera v. Bayer Corp.*, 727 F.3d 300, 309 (3d Cir. 2013) (explaining that "a core concern of ascertainability" is "that a defendant must be able to challenge class membership"); *Karhu*, 621 F. App'x at 948–49 (explaining that defendants have a due process right to challenge class membership).

For the same reasons, Plaintiff has not met his numerosity burden. Again, simply declaring that the putative class membership is sufficiently numerous—without submitting *any* evidentiary support—falls well short of Plaintiff's evidentiary burden of showing "there are *in fact* sufficiently numerous parties…." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. This failure defeats class certification without having to consider any other elements. *Perez v. Pers. Bd. v. City of Chi.*, 690 F. Supp. 670, 673 (N.D. Ill. 1988) ("conclusory allegation" did not satisfy numerosity requirement); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (plaintiff "cannot rely on conclusory allegations…in order to prove numerosity").

### B. Commonality

Plaintiff's motion also fails because he cannot demonstrate commonality, given the individualized inquiries required by his estoppel claim. Plaintiff argues that two common

questions link all class members—whether Defendants represented that services on the January 2019 List were covered under the Plan and whether Plan members are entitled to reimbursement for those services—and that the "only individual issues involve the damages amount." (Pl.'s Br. at 6.) This argument fails for two reasons.

*First*, Plaintiff's complaint does not contain any allegation that Defendants affirmatively held out the January 2019 List as accurately reflecting the Plan terms. (*See generally* Dkt. 18.) And as discussed *supra*, Plaintiff cannot seek certification based on arguments that find no basis in his complaint. *Simington v. Lease Fin. Grp., LLC*, Nos. 10-CV-6052(KBF), 11-CV-8125(KBF), 2012 WL 6681735, at *8 (S.D.N.Y. Dec. 14, 2012) ("This Court cannot certify a class to litigate a claim not pled."). Moreover, as also noted *supra*, Plaintiff offers absolutely no evidence regarding the origin of the January 2019 List, where it was posted, or whether it was posted at the direction of Defendants. *Wal-Mart Stores, Inc.*, 564 U.S. at 355–57; *Puffer v. Allstate Ins. Co.*, 255 F.R.D. 450, 460 (N.D. Ill. 2009) (commonality requirement not met where plaintiff did not offer "'significant proof' that alleged general policy of discrimination manifested itself in the 'same general fashion' as to all putative class members" (internal citations omitted)). This failure of proof stands in stark contradistinction to the record evidence showing that: (a) Defendants never authorized publication of the January 2019 List; and (b) Defendants advised Plan participants prior to 2019 of the more limited group of expenses that were eligible for reimbursement. Michalak Aff. ¶¶ 9, 10, 11, 13, Ex. D at 14, Ex. E at 1.

*Second*, Plaintiff's estoppel claim turns on individual inquiries regarding, among other things, (a) what each putative class member allegedly saw regarding covered medical services; (b) whether each putative class member acted in reliance on whatever he or she did, or did not, see; (c) what each putative class member did, if anything, in detrimental reliance on whatever he

8

or she did or did not see; and (d) whether, and when, the putative class member embarked on his or her claimed service or course of treatment. *See* case law discussion *supra*. And Plaintiff offers no evidence showing that any of the unidentified putative class members even saw the January 2019 List. But even if Plaintiff had such evidence, all the necessary individualized inquiries required to establish an estoppel claim are the antithesis of commonality. *See, e.g.*, *Gesell v. Commonwealth Edison Co.*, 216 F.R.D. 616, 623 (C.D. Ill. 2003) (explaining that plaintiffs did not meet commonality prerequisite of class certification where plaintiffs' claims depended on a "variety of written and oral communications"); *Retired Chi. Police Ass'n. v. City of Chi.*, 7 F.3d 584, 597 (7th Cir. 1993) (denying class certification where communications made to putative class members varied and "[s]ome were ignorant of any alleged promises"); *Tootle v. ARINC, Inc.*, 222 F.R.D. 88, 97 (D. Md. 2004) (common legal claim "will [still] require an individualized showing regarding each plaintiff's acquisition of information about the new [benefit] plan and his reliance on that information" (citation omitted)).

For example, in *In re Sears Retiree Group Life Insurance Litigation*, the court denied class certification in an ERISA action based on alleged misrepresentations about retirement benefits, and explained that the resolution of the estoppel claims in connection with the alleged misrepresentations required examination of the "total mix of information available" to each participant. 198 F.R.D. 487, 490–91 (N.D. Ill. 2000). Therefore, there was "too much variation" to show commonality or typicality, and thus class adjudication was inappropriate. *Id.* at 490. The *In re Sears* decision is in accord with other ERISA decisions on equitable estoppel class claims. *See, e.g.*, *Frahm v. Equitable Life Assur. Soc.*, 137 F.3d 955, 957, 961 (7th Cir. 1998), *cert. denied*, 525 U.S. 817 (1998) (affirming district court's refusal to certify class for estoppel claim in ERISA action where different oral and written representations were made to individual retirees).

9

Similarly, in *Sprague v. General Motors Corporation*, the court affirmed the district court's denial of class certification in an ERISA action, and noted that the plaintiffs' "estoppel theory was even less susceptible to class-wide treatment" than the plaintiffs' other claims, as "[a]n estoppel claim requires proof of what statements were made to a particular person, how the person interpreted those statements, and whether the person justifiably relied on the statements to his detriment."  133 F.3d 388, 398 (6th Cir. 1998) (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991)).  The court emphasized that "[b]ecause of their focus on individualized proof, estoppel claims are typically inappropriate for class treatment."  *Id.* (citing *Jensen v. SIPCO, Inc.*, 38 F.3d 945, 953 (8th Cir. 1994), *cert. denied*, 514 U.S. 1050 (1995) (estoppel "must be applied with factual precision and therefore is not suitable for class-wide relief")).

Like the foregoing cases, the estoppel claim Plaintiff alleges in his complaint turns on individualized inquiries that defeat commonality.  *See* discussion *supra*.  These individual questions include the totality of information and communications each putative class member viewed or received regarding the Plan's covered expenses and what, if anything, each person did in reliance on those communications. For example, the Plan issued communications to participants prior to 2019 explaining what expenses would be covered going forward.  Michalak Aff. ¶¶ 10, 11, Ex. D at 14, Ex. E at 1.  This is just one piece of information that makes up the totality of circumstances that would have to be evaluated for each putative class member's estoppel claim.  *See* cases cited *supra.*  Thus, the superficial common facts Plaintiff identifies are overwhelmed by the individualized inquiries outlined above, making this case not susceptible to class treatment.  *Id.*

### C. Typicality

Just as Plaintiff fails to satisfy Rule 23's commonality requirement, he also cannot satisfy the requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *Retired Chi. Police Ass'n*, 7 F.3d at 597. This requirement is "intended as a safeguard to insure that the named plaintiff['s] interests are substantially coextensive with the interests of the class." *Spencer v. Cent. States, Se. & Sw. Areas Pension Fund*, 778 F. Supp. 985, 989 (N.D. Ill. 1991) (internal citations omitted).

Plaintiff offers exceedingly little in support of his typicality argument. He simply states this requirement is satisfied because "[b]y definition, the members of the class were subjected to the same practice as Plaintiff, and thus suffered the same violation of ERISA." (Pl. Br. at 7.) This is nothing more than a legal conclusion. Moreover, the contention is not borne out by the paucity of facts Plaintiff offers in support of his motion. For example, although Plaintiff alleges that he contracted for a course of treatment in January 2019, he has not alleged that any other putative class members whose service claims were denied "began a course of treatment in January of 2019." (*See id.* at 2.) He also has not offered any factual support for his allegations regarding his own claim submission and denial.

Consistent with the points addressed above regarding commonality, Plaintiff's claims are not typical of the putative class. This is because estoppel claims "depend on the particular nature of the communications allegedly made in a particular instance and on each [class member's] reliance on that particular communication." *Retired Chi. Police Ass'n*, 7 F.3d at 597. Here, Plaintiff has not even provided factual evidence of whether and how he personally relied on the January 2019 List, and so he cannot ask this Court to assess whether his reliance arguments are typical of the class.

11

As also noted above, Plaintiff's estoppel claim turns on individualized issues surrounding what information each putative class member read, and what each class member did or did not do in reliance on any such information they may have reviewed.  *See* discussion *supra*.  This also defeats any claim of typicality.  *Id*.

### D. Adequacy of Representation

To meet the adequacy of representation requirement of Rule 23(a)(4), three elements must be satisfied: "(1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a 'sufficient interest in the outcome to ensure vigorous advocacy;' (3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." *Gilmore v. Sw. Bell Mobile Sys., L.L.C.*, 210 F.R.D. 212, 219 (N.D. Ill. 2001) (internal citation omitted).  Plaintiff's abbreviated argument that he and his counsel will adequately represent the putative class fails to affirmatively demonstrate that these elements have all been met.  (Pl. Br. at 7–8.)

Indeed, Plaintiff makes no effort to address, much less satisfy, the first two elements noted above.  Instead, Plaintiff simply attaches an affidavit of counsel that purports to speak to their consumer class action litigation experience.  (Pl. Br., Ex. C, Dkt. 31-3.)  But that submission does not provide any support for the contention that Plaintiff's counsel can provide competent representation in an *ERISA* matter.  *Herman v. Cent. States Se. & Sw. Areas Pension Fund*, No. 03 C 1010, 2003 WL 22012212, at *2 (N.D. Ill. Aug. 22, 2003 (declining to reconsider denial of class certification where plaintiffs' counsel's submissions with regard to adequacy of representation were "insufficient"); *cf. Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 574 (D. Minn. 2014) (finding that counsel was adequate where plaintiffs "identified numerous ERISA actions in which their attorneys have acted as class counsel").

Because Plaintiff bears the burden of showing all requirements of class certification—and because the Court has "an independent duty to ensure the class is adequately represented"—"[n]o presumption of competency" should be applied here. *Gilmore*, 210 F.R.D. at 219–220; *see also Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 481 (5th Cir. 2001) (district court erred by "improperly shift[ing] burden of proof to the defendants by adopting a presumption that the class representatives and their counsel are adequate in the absence of specific proof to the contrary"). Plaintiff has not indicated that his attorneys have ever been found to be adequate ERISA counsel in the past, and has provided no other evidence to support his counsel's competence in the area of ERISA law. *See, e.g.*, *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 143 (S.D.N.Y. 2010) (finding adequacy of representation where plaintiffs' counsel were "highly qualified and experienced *in this type* of litigation" (emphasis added)); *Krueger*, 304 F.R.D. at 574. Thus, adequacy of counsel has not been shown *in fact*.

Further, Plaintiff also essentially asks this Court to simply presume that he will "provide fair and adequate protection for the interests of the class." (Pl. Br. at 7.) Plaintiff does not explain how he will do so, or how his interests are aligned with the interests of all putative class members. This falls well short of meeting Plaintiff's burden, even if the competency of class counsel were to be presumed. *Falcon*, 457 U.S. at 160; *Clark v. Wexford Health Sources, Inc.*, No. 16-cv-1266-MJR-MAB, 2019 WL 1375974, at *3 (S.D. Ill. Mar. 27, 2019) (adequacy requirement not satisfied where plaintiff "put forth absolutely no actual evidence of his adequacy as potential class representative, other [than] his motion's conclusory recitation that '[Plaintiff] will fairly and adequately represent the interest of the class'").

**II. Plaintiff Fails to Show that Certification is Warranted Under Rule 23(b).**

Plaintiff also fails to meet his burden of showing that class certification is proper under

13

Rule 23(b), because he relies upon the same alleged uniformity that, as shown above, does not exist.

### A. Rule 23(b)(3)

Plaintiff argues a class should be certified because Defendants' liability rests on a common core set of facts, even though damages sought by putative class members vary. (Pl. Br. at 8–9.) Under Rule 23(b)(3), certification is proper only if the court finds that "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and that "a class action is superior to the other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3). "At its essence, predominance is concerned with whether the putative named plaintiffs can, through their individualized cases, offer proof on a class-wide basis." *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006). Indeed, "[t]he predominance inquiry is far more demanding than Rule 23(a)'s commonality requirement." *Hudson v. City of Chi.*, 242 F.R.D. 496, 503 (N.D. Ill. 2007).

In his brief, Plaintiff does not point to any authority that actually supports his Rule 23(b)(3) argument. His conclusory Rule 23(b) section (Pl. Br. at 8–9) cites an inapposite case, *Flanagan v. Allstate Insurance Company*, 228 F.R.D. 617 (N.D. Ill. 2005). There, the court bifurcated determination of individualized damages, but found a common set of facts existed on the merits because the defendant's liability turned on a claim that defendant used company-wide standards to discriminate against the putative class. *Id.* at 619–20. But such claims do not turn on the detrimental reliance Plaintiff must show here regarding his estoppel claim.

In his combined Rule 23(a)(2) and Rule 23(b)(3) section, Plaintiff cites to *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989), where the court found that commonality and predominance requirements were met even though there were individual questions of injury and

14

damages. (Pl. Br. at 6.)[3] However, in that case—in stark contrast to this case—all the issues were common to all class members except for the issue of damages. *Heastie*, 125 F.R.D. at 675.

There is no commonality that would support certification. Plaintiff's estoppel claim requires a highly individualized inquiry into each putative class member's reliance. Plaintiff has not demonstrated that the putative class action satisfies Rule 23(b)(3)—and has not argued that it satisfies any other Rule 23(b) provisions. Thus, as with all the other class certification elements, Plaintiff has failed to meet his class certification burden and his motion should be denied.

## CONCLUSION

For the reasons contained herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Class Certification (Dkt. 30, 31).

Dated: June 1, 2020

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM INSURANCE COMPANIES HEALTH REIMBURSEMENT ARRANGEMENT PLAN FOR UNITED STATES EMPLOYEES

By:     */s Joseph J. Torres*
          One of Their Attorneys

Joseph J. Torres (Lead Counsel)
Emma O'Connor
Jenner & Block LLP
353 North Clark Street
Chicago, IL  60601
(312) 840-8685
jtorres@jenner.com

---

[3] Plaintiff also cites *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D. Ill. 2008), and *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), in his combined Rule 23(a)(2) and Rule 23(b)(3) section (Pl. Br. at 5–7), but these cases do not address "predominance," but rather only address the "commonality" requirement. Indeed, in *Kraft Foods*, the court found that Rule 23(b)(3) was "not an appropriate basis upon which to certify a class" in that case. 251 F.R.D. at 351.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on June 1, 2020, he has caused a copy of the foregoing to be served via electronic mail on:

>Daniel A. Edelman
>Cathleen M. Combs
>Tara L. Goodwin
>Bryan G. Lesser
>Edelman, Combs, Latturner
> & Goodwin, LLC
>20 South Clark Street – Suite 1500
>Chicago, IL  60603-1824

          */s Joseph J. Torres*
            Joseph J. Torres