E-FILED
Friday, 10 July, 2020 04:33:34 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| BOB KING, individually and on behalf of a class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-1120-JES-TSH |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | Judge James E. Shadid |
| INSURANCE COMPANY, and STATE FARM ) | |
| INSURANCE COMPANIES HEALTH ) | Magistrate Judge Tom Schanzle-Haskins |
| REIMBURSEMENT ARRANGEMENT ) | |
| PLAN FOR UNITED STATES ELIGIBLE ) | |
| INDIVIDUALS, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUR REPLY IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

As permitted by this Court's June 26, 2020 Order, Defendants address the points raised for the first time in Plaintiff's class certification reply brief (Dkt. 37). None of these arguments support Plaintiff's motion for the following reasons:

*First*, Plaintiff accuses Defendants of bad faith (Dkt. 37 at 6) because they pointed out that Plaintiff tried to satisfy his ascertainability and numerosity burden by simply making a conclusory declaration without providing this Court *any* supporting evidence (Dkt. 34 at 6–7). Plaintiff claims that Defendants "literally tendered a list of the [purported] class members." (Dkt. 37 at 6.) But that claim is incorrect. Defendants *only* provided a list of individuals who received medical services in January 2019 whose claims were not reimbursed, and did *not* concede that these individuals are members of any certifiable class.

In any event, the information Defendants provided does not alleviate Plaintiff of his burden to support his motion with evidence. *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945, 948 (11th Cir. 2015) ("A plaintiff cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the

records are in fact useful for identification purposes, and that identification will be administratively feasible."). Making unsupported bad faith accusations does not ameliorate Plaintiff's decision to wait until his reply brief to purport to offer such evidence.

Relatedly, the fact that Defendants provided a list of individuals who received services in January 2019 and whose claims were not reimbursed does not *ipso facto* establish the existence of an ascertainable class. Plaintiff makes no effort to explain how the receipt of services in January 2019 alone demonstrates ascertainability, particularly in light of the individualized inquiries necessary to establish an estoppel claim. (*See generally* Dkt. 34 at 7–12.)

*Second*, Plaintiff attempts to avoid the individualized evidentiary requirements in this case by asking this Court in his reply brief to assume that each putative class member necessarily saw the same information (before and after January 2019), and uniformly acted to his or her detriment in reliance upon that information. (Dkt. 37 at 6 ("[t]he action of a class member in incurring [an] expense [in January 2019] and submitting a claim for reimbursement demonstrates that they believed that the medical service they obtained was eligible for reimbursement"); *see also id*. at 1–2 ("the only reasonable inference is that someone who submitted a claim covered under the January 2019 list…did so because it was covered under the January 2019 list.").) Notably, Plaintiff makes this request of the Court without providing evidence from *any* putative class members who allegedly so relied. And this argument is both factually and legally flawed.

As a matter of fact, Plaintiff offers nothing but assumptions and speculation regarding what the putative class members may have seen or may have done. (*E.g*., Dkt. 37 at 6 ("A person would have no reason to spend their time and energy filing a claim except for reliance on the representation in [the January 2019 listing]").) Indeed, beyond his complaint allegations, Plaintiff offers no evidence even demonstrating that he saw the January 2019 listing.

In total, Plaintiff fails to point to a single piece of evidence demonstrating any putative class members accessed the Plan participant website while the January 2019 list was posted, contracted for a medical service in reliance on the January 2019 list, and then submitted a claim because they believed—based on the January 2019 list—that the medical expense would be reimbursed.  Indeed, in the absence of any evidence, the Court could just as easily assume that, for example, individuals submitted claims for all incurred expenses reflexively, and without considering whether they were in fact reimbursable.  But, in either event, asking this Court to assume commonality or typicality—including with respect to Plaintiff himself—falls well short of Plaintiff's burden of "affirmatively" showing that "there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

And as a matter of law, Plaintiff's belated request that this Court assume such facts are common to the class cannot be squared with prior cases declining to certify class claims that rested on similar individualized inquires.  For example, in *Sprague v. General Motors Corporation*, the court explained that the plaintiffs' estoppel theory in their Employee Retirement Income Security Act ("ERISA") action was not susceptible to class-wide treatment because "[a]n estoppel claim requires proof of what statements were made to a particular person, how the person interpreted those statements, and whether the person justifiably relied on the statements to his detriment."  133 F.3d 388, 398 (6th Cir. 1998); *see also In re Sears Retiree Grp. Life Ins. Litig.*, 198 F.R.D. 487, 490–91 (N.D. Ill. 2000) (retirees in ERISA action did not satisfy commonality and typicality requirements even though all putative class members received two allegedly misleading documents from employer because liability depended on whether mix of information available to retirees was misleading).

3

Plaintiff attempts to distinguish such cases by claiming there is no "mix" of information here. (Dkt. 37 at 7.) Assuming *arguendo* Plaintiff's claim was correct, (*but see, e.g.*, Dkt. 34 at 10), even in cases where the information was uniform, courts have still denied certification. For example, in *George v. Duke Energy Retirement Cash Balance Plan*, the court held that the commonality requirement for class certification was not satisfied for the proposed class of retirement plan participants who asserted a misrepresentation claim under ERISA, even though the plaintiffs argued that the misrepresentations at issue were uniform and disseminated to all class members. 259 F.R.D. 225, 238–40 (D.S.C. 2009). The court explained that "the problem lies, not in the misrepresentations themselves, but in the differing degrees of reliance on the purported misrepresentations" and that "[w]hether each participant relied on the communications and, more importantly, the degree to which each participant relied upon the communications" precluded class treatment of the claim. *Id.* at 239–40. Indeed, reaching the merits of the plaintiffs' claim would have required individual proof and participant-by-participant analyses of the degree of each participant's detrimental reliance on the alleged misleading communications. *Id.* at 238.

Plaintiff cites *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330 (N.D. Ill. 1997), to argue that individual reliance questions do not predominate where the plaintiffs "received virtually identical materials."[1] *Id.* at 338 (cited at Dkt. 37 at 9). But Plaintiff can point to no such evidence in this case, where he has no proof, for example, that each putative class member viewed the January 2019 listing upon which Plaintiff bases his claim. As a result, *Rohlfing* actually supports Defendants' position. *Rohlfing* went on to point out that individual reliance issues predominate where, for example, "claims are based on advertisements that may not have been seen by every

---

[1] Contrary to Plaintiff's argument, *Rohlfing* does not state that reliance can be "presumed" in discussing the reliance issues that Plaintiff cites in his reply brief.

plaintiff." *Id*. The advertisement example is directly analogous to the January 2019 posting in this case that putative class members may or may not have viewed.

Plaintiff also claims his case is a stronger candidate for class certification because he points to written communications. (Dkt. 37 at 5.) But the cases discussed above include claims based on written communications (*George*, 259 F.R.D. at 239–40; *Sears*, 198 F.R.D. at 490–91) and nonetheless conclude class certification is improper because in order to determine liability, the court "cannot view one or two communications in isolation" and instead "must look at the entire set of communications received by a [plaintiff] or class of [plaintiffs]."[2] *Sears*, 198 F.R.D. at 490.

Plaintiff relatedly, and once again belatedly, attempts to analogize this case to *Davidson v. Henkel Corporation*, 302 F.R.D. 427 (E.D. Mich. 2014). Even if that case could be reconciled with the other decisions discussed above, *Davidson* is distinguishable from this case because Plaintiff offers no evidence of the uniformity that the court in that case relied upon to grant class certification. As noted above, while the January 2019 listing in this case was posted for a period of time, Plaintiff offers *no* evidence regarding who actually saw the information, how whomever saw the information interpreted it along with the other Plan information they had received, and what actions they took in reliance on that mix of information. And, as set forth in Defendants' response brief, also unlike *Davidson*, the January 2019 list was not the only information the Plan

---

[2] The fact that the third-party provider in this case allegedly "believed that [the January 2019 listing] was authorized," (Dkt. 37 at 4), or that the provider was "an authorized agent of the Plan," (*id*. at 5), does not alter the fact that the Plan's unambiguous terms cannot be overridden by inadvertent and mistaken extra-plan communications. *Decatur Mem'l Hosp. v. Conn. Gen. Life Ins. Co.*, 990 F.2d 925, 926–27 (7th Cir. 1993) ("Arguments that negligent misrepresentations 'estop' sponsors or administrators from enforcing the plans' written terms have been singularly unsuccessful.") (collecting cases).

5

participants received regarding covered expenses. (*See, e.g.*, Dkt. 34 at 3–4, 8; Dkt. 34-7 at 1 (September 2018 notice providing information regarding 2019 Plan coverage).) Thus, other than asking this Court to assume everything is uniform, Plaintiff offers no evidence that *in fact* supports such a conclusion for all the reasons stated above and in Defendants' response brief. (Dkt. 34 at 7–12.)

Plaintiff also attempts to rely on *Vasquez v. Superior Court*, 4 Cal. 3d 800, 94 Cal. Reptr. 796 (1971), for the proposition that if a representation has been made in regard to a material matter and an action has been taken, then it can be presumed that the representation was relied upon. (Dkt. 37 at 9.)  However, *Vasquez* is distinguishable from the case at bar in multiple ways. First, *Vasquez* is a misrepresentation case that does not involve any ERISA claims, and it discusses reliance primarily in terms of California state law. 4 Cal. 3d at 814. Federal courts considering ERISA claims have made clear that such a presumption is not proper. *E.g.*, *Jensen v. SPICO, Inc.*, 38 F.3d 945, 953 (8th Cir. 1994) (explaining that, even assuming estoppel applies, "courts recognizing estoppel in ERISA cases require proof of a material misrepresentation on which the participant or beneficiary has reasonably relied to his detriment…[the doctrine] must be applied with factual precision and therefore is not a suitable basis for class-wide relief"); *Sprague*, 133 F.3d at 398 (estoppel claims are inappropriate for class treatment "[b]cause of their focus on individualized proof," including proof of how each person interpreted a statement and whether that person relied on that statement to his or her detriment); *George*, 259 F.R.D. at 239. Federal cases involving misrepresentation claims likewise reject the notion that reliance may be presumed. *See, e.g., Lapekas v. Kaiser Found. Health Plan, Inc.*, No. CV 10-5984-VBF(FMOX), 2011 WL 13217477, at *3 (C.D. Cal. May 25, 2011) (commonality requirement not met "especially with respect to…negligent misrepresentation" claim where plaintiff failed to show

6

"how analyzing the merits would not require individual proof and analysis of the degree of each participant's detrimental reliance on the communications at issue").

*Third*, Plaintiff suggests that the Plan was ambiguous because it did not define "eligible expenses." (Dkt. 37 at 2–3, 4-5.) This argument is factually incorrect, because the Plan makes clear that the Plan only reimbursed specified "medical" expenses.[3] (Dkt. 34-4 at 5–6.). And other communications provided to participants made it clear that the plan that provided medical insurance was separate from, for example, dental and vision plans. (Dkt. 34-6 at 1, 9, 10.).

But even if there was some ambiguity regarding what constituted an eligible covered expense, a class still cannot be certified because Plaintiff has no evidence that each putative class member considered the Plan ambiguous, reviewed the January 2019 information, and, notwithstanding any other information they had been provided, relied upon the January 2019 information to his or her detriment. *Sears*, 198 F.R.D. at 490; *George*, 259 F.R.D. at 239–40; *see also Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 126 (2d Cir. 1997) ("Determining whether any single statement allegedly made by [defendant] is an actionable misrepresentation requires considering the statement's meaning in context. The district court should examine all alleged statements within the total mix of information available to Plaintiffs.").

Notably, the lone case Plaintiff cites in support of his belated "ambiguity" argument, *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574 (7th Cir. 2000) (Dkt. 37 at 4–5), is an *individual* claim, *not* a class claim. Thus, whether or not Plaintiff can demonstrate circumstances specific to his actions that support an estoppel claim provides no foundation for class certification. *Sprague*, 133 F.3d at 398 (explaining that neither plaintiffs' estoppel theory nor bilateral contract theory

---

[3] The 2018 "form letter" Plaintiff cites in his response brief (Dkt. 37 at 3) also makes clear that the Plan only reimbursed "medical expenses." (*Id.* (quoting Dkt. 34-7).)

warranted class-wide treatment and "[p]roof that [defendant] contracted to confer vested benefits on one early retiree would not necessarily prove that [defendant] had made such a contract with a different early retiree").

*Finally*, Plaintiff's argument in his reply about a class action being the superior method for resolving this dispute (Dkt. 37 at 10–11) likewise fails due to the lack of commonality among putative class members. Even a common legal claim here would still "require an individualized showing regarding each plaintiff's acquisition of information" about the Plan and "his reliance on that information." *Tootle v. ARINC, Inc.*, 222 F.R.D. 88, 97 (D. Md. 2004). Therefore, Plaintiff's claims are not suitable for class-wide treatment and his motion should be denied.

## CONCLUSION

For the reasons contained herein and in Defendants' response brief (Dkt. 34), Defendants respectfully request that the Court deny Plaintiff's Motion for Class Certification (Dkt. 30, 31).

Dated: July 10, 2020

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM INSURANCE COMPANIES HEALTH REIMBURSEMENT ARRANGEMENT PLAN FOR UNITED STATES EMPLOYEES

By:  */s Joseph J. Torres*
         One of Their Attorneys

Joseph J. Torres (Lead Counsel)
Emma J. O'Connor
Jenner & Block LLP
353 North Clark Street
Chicago, IL  60601
(312) 840-8685
jtorres@jenner.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on July 10, 2020, he caused a copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to counsel of record as follows:

> Daniel A. Edelman
> Cathleen M. Combs
> Tara L. Goodwin
> Bryan G. Lesser
> Edelman, Combs, Latturner
>  & Goodwin, LLC
> 20 South Clark Street – Suite 1500
> Chicago, IL  60603-1824

                        */s Joseph J. Torres*
                           Joseph J. Torres