E-FILED
Tuesday, 18 August, 2020  11:48:10 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BOB KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-1120-JES-TSH |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY and STATE | ) | |
| FARM INSURANCE COMPANIES | ) | |
| HEALTH REIMBURSEMENT | ) | |
| ARRANGEMENT PLAN FOR UNITED | ) | |
| STATES ELIGIBLE INDIVIDUALS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Bob King's Motion (D. 30[1]) for Class

Certification, and Defendants' collective Response (D. 34) in Opposition. Plaintiff filed a Reply

(D. 37), and Defendants filed a Sur-Reply (D. 39). For the reasons set forth below, Plaintiff's

Motion for Class Certification Motion is GRANTED.

### BACKGROUND

Plaintiff Bob King ("King") brought the instant case against Defendants under the

Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). D. 18, at 1. King is a

retired employee of Defendant State Farm Mutual Automobile Insurance Company ("State

Farm"). *Id.* As a retiree, King is entitled to benefits under the Defendant State Farm Insurance

Companies Health Reimbursement Arrangement Plan for United States Eligible Individuals (the

"Plan"). *Id.* Plaintiff claims Defendants represented on an online portal that a list of particular

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

medical services ("Exhibit A") would be eligible for reimbursement, effective on or about

January 1, 2019. *Id.* at 2. Sometime in January 2019, King contracted for dental work, which the

Exhibit A list indicated was a covered service under the Plan. *Id.* Effective February 1, 2019 and

without advance notice, Defendants changed the list of medical services ("Exhibit B") posted on

the online portal, and refused to reimburse claims made for services listed as eligible for

reimbursement under Exhibit A. *Id.* Defendants subsequently denied Plaintiff's claims for the

dental work he contracted for in January. *Id.*

King brought this case on behalf of himself and other members of the Plan who were

similarly denied claims for medical services on Exhibit A during the relevant time period. *Id.* at

4. King now moves for class certification, seeking to define the class as follows:

> All participants and beneficiaries of the State Farm Insurance Companies
> Health Reimbursement Arrangement Plan for United States Eligible
> Individuals who presented claims for services covered under Exhibit A,
> and either received those services in January of 2019 or began a course of
> treatment in January 2019, which claims were not paid.

D. 30, at 1-2. King requests he be appointed as the representative of the class and Edelman,

Combs, Latturner & Goodwin, LLC be appointed class counsel. *Id.* King asserts there are

approximately 283 persons who were not reimbursed for services listed on Exhibit A. D. 31, at 1.

## LEGAL STANDARD

A plaintiff seeking class certification has the burden of showing the proposed class meets

the requirements of Federal Rule of Civil Procedure 23 by a preponderance of the evidence. *Orr*

*v. Shicker*, 952 F.3d 490, 497 (7th Cir. 2020). Under Rule 23(a), a class may be certified only if

the following four prerequisites are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the
> claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are commonly referred to as numerosity,

commonality, typicality, and adequacy of representation. *Orr*, 952 F.3d at 497.

If the plaintiff succeeds in satisfying the Rule 23(a) prerequisites, the plaintiff must then

satisfy at least one of the subsections of Rule 23(b). *Arreola v. Godinez*, 546 F.3d 788, 797 (7th

Cir. 2008). "Failure to meet any of the [Rule 23] requirements precludes class certification." *Id.*

at 794. Here, Plaintiff seeks to certify the proposed class under Rule 23(b)(3). D. 31, at 5, 8.

Under Rule 23(b)(3), the named plaintiff must establish both that "questions of law or fact

common to class members predominate over any questions affecting only individual members"

and that "a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A district court has broad discretion to determine whether certification of a class is

appropriate. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). However,

the Seventh Circuit has stated district courts should exercise "caution in class certification

generally." *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008). In ruling on a

class certification motion, the court is not to accept all of the allegations in the complaint as true.

*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) ("The proposition that a

district judge must accept all of the complaint's allegations when deciding whether to certify a

class cannot be found in Rule 23 and has nothing to recommend it."). "Before deciding whether

to allow a case to proceed as a class action, therefore, a judge should make whatever factual and

legal inquiries are necessary under Rule 23." *Id.* at 676.

**DISCUSSION**

"Because a class action is an exception to the usual rule that only a named party before the court can have her claims adjudicated, the class representative must be part of the class and possess the same interest and suffer the same injury." *Chi. Teachers Union, Local No. 1 v. Bd. Of Educ. Of Chi.*, 797 F.3d 426, 433 (7th Cir. 2015). The "general gate-keeping function" of Federal Rule of Civil Procedure 23(a) ensures the class representative is part of the class, possesses the same interests, and suffers the same injury as the putative class. *Id.* Plaintiff argues the proposed class meets all the requirements for certification under Rule 23. D. 31, at 4-9. Defendants argue class certification should be denied because Plaintiff failed to meet his burden for each required element under Rule 23. D. 34.

**Ascertainability and Numerosity**

Defendants contend that before the Court can address numerosity, it must first address whether the proposed class is "sufficiently definite that its members are ascertainable." D. 34, at 6 (*quoting Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 493 (7th Cir. 2012)). Defendants argue Plaintiff's reference to a spreadsheet, which was produced by Defendants and lists 283 potential class members, does not satisfy the ascertainability requirement because King did not include the spreadsheet with the motion. *Id.* In Plaintiff's Reply, he included a streamlined version of the spreadsheet with only the individuals' names and addresses. D. 37-11. Defendants admit to providing a spreadsheet to Plaintiff, but they emphatically deny ever conceding that the individuals on the spreadsheet were members of any certifiable class. D. 39, at 1.

Courts are not to "simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must receive evidence … and resolve the disputes before deciding whether to certify the class." *Messner v. Northshore Univ. HealthSystem*, 669

1:19-cv-01120-JES-TSH   # 40   Page 5 of 13

F.3d 802, 811 (7th Cir. 2012) (internal quotations omitted). There is no dispute here about the fact that Defendants provided a list, since amended, of individuals who received medical services in January 2019 and whose claims were not reimbursed. Even if no such spreadsheet was in existence, the class would be ascertainable because the description of the proposed class is sufficiently definite to permit identification of the members. As such, the Court finds the proposed class members are ascertainable and now turns to numerosity.

Rule 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty-member class if often regarded as sufficient to meet the numerosity requirement." *Orr*, 953 F.3d at 498 (*quoting Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017)); *see also Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1334 n.9 (7th Cir. 1969) (a proposed class of 40 stockholders is sufficient to satisfy Rule 23(a) where they are widely scattered and their holdings are generally too small to warrant undertaking individual actions).

Plaintiff claims the spreadsheet provided by Defendants contained the names and claim information of 283 persons "who are members of the plan, presented claims for services listed in Exhibit A, received those services during January of 2019 while Exhibit A was in effect, and were not reimbursed." D. 31, at 5. In late May 2020, after the instant motion was filed, Defendants gave Plaintiff an updated spreadsheet after removing individuals who "did not fit the class description." D. 37, at 5-6. The updated spreadsheet listed 256 individuals. *Id.* As previously mentioned, Defendants do not concede that those listed individuals are class members and maintain that they "*only* provided a list of individuals who received medical services in

January 2019 whose claims were not reimbursed." D. 39, at 1 (emphasis in original). Joinder of

256 individuals would be impracticable. As such, the numerosity requirement is satisfied.

**Commonality**

The second prerequisite for class certification is for the plaintiff to show "there are

questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff must show the

class members have "suffered the same injury[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

350 (2011) (*quoting Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). A

plaintiff's claims "must depend upon a common contention … of such a nature that it is capable

of classwide resolution—which means that determination of its truth or falsity will resolve an

issue that is central to the validity of each of the claims in one stroke." *Id.* "Where the same

conduct or practice by the same defendant gives rise to the same kind of claims from all class

members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th

Cir. 2014).

Plaintiff presents two questions as common to all members of the proposed class: (1)

whether State Farm represented that the services listed in Exhibit A were covered expenses under

the plan; and (2) whether plan members are entitled to reimbursement for services listed in

Exhibit A. D. 31, at 6. Plaintiff contends the only issue individual to each member involves the

damages amount, including how much money their claim was worth. *Id.*

The Amended Complaint declares this suit is brought pursuant to 29 U.S.C. § 1132,

which provides civil causes of action under the Employee Retirement Income Security Act

("ERISA"). D. 18, at 3. The Complaint cites § 1132(a)(1)-(5) and (a)(8), which describe different

circumstances that allow, in relevant part, a participant or beneficiary to obtain relief for certain

violations of the Act. For instance, § 1132(a)(1) allows relief for violations of notice and

disclosure provisions and also "to recover benefits due to him under the terms of his plan, to

enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan." 29 U.S.C. § 1132(a)(1)(A)-(B). Under § 1132(a)(2), relief may be granted for

breach of fiduciary duty. Section 1132(a)(3) allows a participant, beneficiary, or fiduciary to

enjoin any act or practice that violates the terms of the plan or the title, or to obtain other

appropriate equitable relief. Under § 1132(a)(4), relief may be granted for a violation of §

1025(c), which covers alternative notice for pension benefit statements. Section 1132(a)(5) is a

civil cause of action reserved for the Secretary of Labor. Finally, § 1132(a)(8) allows for a civil

action to enjoin any act or practice that violated the provisions concerning defined benefit

funding notices, or to obtain appropriate equitable relief. The Amended Complaint does not list

out individual counts.

Defendants argue Plaintiff cannot demonstrate commonality "given the individualized

inquiries required by his estoppel claim." D. 34, at 7. Defendants take issue with the absence of

any allegation in the Complaint that Defendants affirmatively held out Exhibit A as accurately

reflecting the Plan terms. *Id.* at 8. Defendants also make much ado about "Plaintiff's estoppel

claim" because it hinges on whether each putative class member saw the Exhibit A list and relied

on it to their detriment. *Id.* Without evidence that each putative class member even saw the

Exhibit A list, Defendants contend the commonality element has not been satisfied. *Id.* at 9.

The only explicit estoppel reference in the Amended Complaint is in the Facts section at

paragraph 19: "Defendants are estopped from denying benefits to persons who contracted for

medical or dental services while Exhibit A was in effect." D. 18, at 3. Despite Defendants

arguments concerning an "estoppel claim," the Complaint references estoppel as fact, rather than

as a claim. The Amended Complaint does request injunctive relief, in addition to damages;

however, Plaintiff's instant motion is seeking class certification under Rule 23(b)(3), which

applies to class actions when the purported class seeks money damages, not injunctive relief. *Bell*

*v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). As discussed above, Plaintiff cites

provisions of 29 U.S.C. § 1132, which lists civil causes of action under ERISA. Defendant does

not provide any authority to support the contention that detrimental reliance is an element of any

of these causes of action. Moreover, assuming reliance is relevant in this case, individual issues

of reliance do not necessarily make class action inappropriate. *Suchanek*, 764 F.3d at 756; s*ee*

*also Peterson v. H.R. Block Tax Servs.*, 174 F.R.D. 78, 84 (N.D. Ill. 1997).

Plaintiff's claims, and those of the putative class members, derive from a single course of

conduct by Defendants: the denial of reimbursement for medical services on Exhibit A that were

received or contracted for in January 2019. As such, the commonality requirement is satisfied.

**Typicality**

To satisfy the typicality requirement, Plaintiffs must show "the claims or defenses of the

representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P.

23(a)(3). Typicality requires "enough congruence between the named representative's claim and

that of the unnamed members of the class to justify allowing the named party to litigate on behalf

of the group." *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). "A plaintiff's claim is

typical if it arises from the same event or practice or course of conduct that gives rise to the

claims of the other class members and his or her claims are based on the same legal theory."

*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993) (*quoting* H.

Newberg, *Class Actions* § 1115(b) at 185 (1977)).

Defendants argue Plaintiff does not satisfy the typicality requirement just as he did not

satisfy the commonality requirement. D. 34, at 11. According to Defendants, Plaintiff's claims

8

are not typical of the putative class because he has not provided evidence that he personally

relied on the Exhibit A list; therefore, the Court is unable to assess whether Plaintiff's reliance

arguments are typical of the class. *Id.* Additionally, Defendants argue there is no typicality here

because the "estoppel claim" hinges on "individualized issues surrounding what information

each putative class member read, and what each member did or did not do in reliance on any

such information they may have reviewed." *Id.*

Plaintiff's claims are typical of the putative class members' claims because the proposed

class is narrowly defined, and the proposed class is derived from a single course conduct by

Defendants. Plaintiff's claims and those of the class members would be based on the same legal

theory. Any individual issues of reliance as a central element of a claim do not make class

certification inappropriate. *Suchanek*, 764 F.3d at 756. Therefore, the typicality requirement is

satisfied.

**Adequacy of Representation**

The fourth and final prerequisite for class certification is for Plaintiff to demonstrate that

"the representative parties will fairly and adequately protect the interests of the class." Fed. R.

Civ. P. 23(a)(4). The adequacy of representation prerequisite is composed of two parts: "the

adequacy of the named plaintiff's counsel, and the adequacy of representation provided in

protecting the different, separate, and distinct interest of the class members." *Retired Chi. Police

Ass'n*, 7 F.3d at 598. As such, "[a] class is not fairly and adequately represented if class members

have antagonistic or conflicting claims." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.

1992).

Plaintiff retained Edelman, Combs, Latturner & Goodwin, LLC. in this matter and

attaches the Declaration of Daniel A. Edelman (the "Declaration") to the instant motion. D. 31-3.

Daniel Edelman is a principal of Edelman, Combs, Latturner & Goodwin, LLC. *Id.* at 2. The

Declaration provides background information on all eight of the firm's principals, as well as

details about the types of cases handled by the firm. *See generally id.* Plaintiff's counsel appears

qualified to represent the proposed class. The firm has extensive experience in consumer class

action litigation, including insurance litigation. *See id.* at 12 ("Often securing recovery for a class

requires enforcement of the rights under the defendant's insurance policy. The firm has extensive

experience with such litigation."). Defendants argue the Declaration does not support the

contention that Plaintiff's counsel can provide competent representation in an ERISA matter. D.

34, at 12. Defendants contend Plaintiff has not shown his counsel is competent in the area of

ERISA law and he has not indicated his counsel were previously found to be adequate ERISA

counsel. *Id.* at 13. Defendant does not provide any authority to support this argument.

As for Plaintiff acting as the class representative, he has a definite interest in the outcome

of this litigation. His claims do not conflict with or antagonize those of the putative class

members. With the four Rule 23(a) prerequisites satisfied, the Court turns to Plaintiff's request

for certification under Rule 23(b)(3).

**Rule 23(b)(3)**

Rule 23(b)(3) applies to class actions when the purported class seeks money damages.

*Bell*, 800 F.3d at 373. Rule 23(b)(3) requires the named plaintiff to establish (1) that questions of

law or fact common to class members predominate over any questions affecting only individual

members and (2) that a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). The matters pertinent to these

findings include: the class members' interests in individually controlling the prosecution or

defense in separate actions; the extent and nature of any litigation concerning the controversy

already begun or against class members; the desirability of concentrating the litigation claims in

the particular forum; and the likely difficulties in managing a class action. *Id.* Class actions under

Rule 23(b)(3) are intended to "cover cases in which a class action would achieve economies of

time, effort, and expense, and promote uniformity of decision as to persons similarly situated,

without sacrificing procedural fairness or bringing about other undesirable results." *Suchanek*,

764 F.3d at 759 (*quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

In *Suchanek*, the plaintiffs sought class certification in a consumer protection suit for

claims that a coffee product had false or misleading packaging. 764 F.3d at 754-55. The

plaintiffs' claims and those of the putative class members all derived from a single course of

conduct by the defendant: the packaging and marketing of the coffee product. *Id.* at 756. The

same legal standards, which required proof that the defendant's statement was either false or

likely to mislead a reasonable consumer, also governed all claims of the class members. *Id.* Still,

the district court refused to certify the class, finding there were no questions common to the

class. *Id.* The district court concluded "[t]he problem with the proposed class here is that

showing reliance or causation – as required to establish liability – requires an investigation of

each purchaser." *Id.* at 759. The Seventh Circuit Court of Appeals reversed the denial of class

certification, finding the district court (a) failed to recognize the question common to all putative

class members: whether the packaging was likely to mislead a reasonable consumer; and (b)

applied too strict a test when it considered whether common questions predominate over

individual questions. *Id.* at 755.

Here, Defendants argue class certification is improper because this action requires "a

highly individualized inquiry into each putative class member's reliance." D. 34, at 15. However,

as discussed above, it is not clear whether reliance is even at issue in this case. If reliance is at

issue, then "[i]t is routine in class actions to have a final phase in which individualized proof

must be submitted." *Suchanek*, 764 F.3d at 756. In cases where damages must be assessed

individually, district courts may bifurcate the case into two phases: one to determine liability and

one to assess damages for individual class members. *Mulvania*, 850 F.3d at 859.

Plaintiff argues the only issue specific to each class member is the damages amount,

including how much money their claim was worth. *Id.* Plaintiff asserts the two questions

common to all members of the proposed class are whether Defendants represented that the

services listed in Exhibit A were covered expenses under the Plan; and whether class members

are entitled to reimbursement for services listed in Exhibit A. D. 31, at 6.

To certify a class under Rule 23(b)(3), the questions of law or fact common to putative

class members must predominate over questions individual to members of the class. *Messner*,

669 F.3d at 814. The Court finds Plaintiff's claims and those of the putative class members are

all derived from a single course of conduct by Defendants: the denial of reimbursement for

medical services on Exhibit A that were received or contracted for in January 2019. The

questions common to all putative class members are (1) whether Defendants represented that the

services listed in Exhibit A were covered expenses under the Plan, and (2) whether class

members are entitled to reimbursement for services listed in Exhibit A if they received or

contracted for those services during the month of January 2019. These common questions can be

resolved for all members of the class in a single adjudication, and the questions specific to each

individual class member, such as damages and possibly reliance, do not predominate over the

common questions affecting the class as a whole.

Finally, the Court must consider whether a class action is superior to other available

methods in ensuring this controversy is fairly and efficiently adjudicated. The parties have not

identified any other litigation by putative class members concerning this controversy, and

Defendants have not identified how the interests of individual class members would be better

served through separate actions. The difficulties in managing this class action seem minimal, as

the class will likely be 256 individuals or less and those individuals have already been identified.

Additionally, the liability portion of this litigation can be separated from those specific questions

individual to each class member. Thus, a class action seems superior to other methods in

resolving this controversy in a fair and efficient manner, and class certification under Rule

23(b)(3) is proper.

## CONCLUSION

For the reasons set forth above, Plaintiff Bob King's Motion [30] for Class Certification

is GRANTED.

Signed on this 18th day of August, 2020.

s/James E. Shadid_____
James E. Shadid
United States District Judge