IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOB KING, individually and on behalf of a class, ) ) ) Plaintiff, ) ) v. ) ) STATE FARM MUTUAL AUTOMOBILE ) INSURANCE COMPANY, and ) STATE FARM INSURANCE ) COMPANIES HEALTH ) REIMBURSEMENT ARRANGEMENT ) PLAN FOR UNITED STATES ) ELIGIBLE INDIVIDUALS, ) ) Defendants. ) | No. 1:19-cv-01120-JES-KLM  Judge James E. Shadid  Magistrate Judge Karen L. McNaught |

**PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Bob King, individually, and on behalf of the class of persons defined below, requests that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class Members to object and file requests for exclusion; (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit C to Appendix A; and (v) finds that the mailing of such notice satisfies due process.  A copy of the proposed preliminary approval order is attached as Exhibit B to Appendix A.

1.   Plaintiff, individually and on behalf of a class, filed this case on April 8, 2019, and filed an Amended Complaint on September 30, 2019.  Plaintiff's complaint alleged that Defendants, State Farm Mutual Automobile Insurance Company and the State Farm Insurance Companies Retiree Health Reimbursement Arrangement Plan for United States

1

Employees ("State Farm" or "Defendants"), violated the Employee Retirement Income Security Act ("ERISA") when they published a list of medical, dental and vision expenses eligible for reimbursement from the Class Members' health accounts on a website, but later replaced the list and failed to reimburse Plaintiff and the Class Members who had contracted for certain services that were covered under the original list, for the costs of the services.

2. The Parties engaged in written discovery and Plaintiff filed a motion for class certification on April 30, 2020. Defendants objected, and this Court entered an order certifying the following class on August 18, 2020:

> All participants and beneficiaries of the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Eligible Individuals who presented claims for services covered under Exhibit A, and either received those services in January of 2019 or began a course of treatment in January of 2019, which claims were not paid.

3. Defendants sought leave to appeal, which was denied on September 22, 2020. The Parties then engaged in settlement negotiations that resulted in the present settlement.

4. Based upon counsels' review and analysis, the parties have entered into the Agreement to settle and compromise this matter on the terms and conditions embodied in the Agreement and agree as follows:

5. The parties agree to settle on behalf of the following class, for the following terms:

> a. <u>Class Definition</u>: All individuals who meet the definition of Eligible Individual under the 2019 State Farm Insurance Companies Retiree Health Reimbursement Arrangement Plan for United States Employees who: (1) prior to March 31, 2021, presented claims for medical, dental and vision services performed in January 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019; and/or (2) prior to April 15, 2019, presented claims for services performed between February 1, 2019 and April 15, 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019. The proposed class is slightly broader than the class that was initially certified. Defendants represent

based on reasonable investigation that the Class as defined above consists of approximately 926 individuals.

  b. <u>Payment to Class Members</u>: Defendants shall provide directly to the Class payment (the "Settlement Amount") as follows:
  For claims with January 2019 dates of service, submitted by March 31, 2021: 80% of the total allowable amount;
  For claims with February 2019 dates of service, submitted by April 15, 2019: 70% of the total allowable amount;
  For claims with March 2019 dates of service, submitted by April 15, 2019: 50% of the total allowable amount; and
  For claims with April 1, 2019 – April 15, 2019 dates of service, submitted by April 15, 2019: 35% of the total allowable amount.

  A preliminary Class list, including information on the amounts of the submitted claims and the potential Settlement Amount for each Class Member, is attached as <u>Exhibit A</u> to the Settlement Agreement.[1]  It is estimated that these payments will total $299,527.

  c. <u>Relief to Plaintiff</u>: Defendants shall pay Plaintiff $3,779.43, plus an additional incentive award in the amount of $4,500.  These will be the only payments to Plaintiff.  Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722 (7th Cir. 2001).  If those individuals "would have stepped forward without the lure of an 'incentive award,' there is no need for such additional compensation." *Id.* at 723.  This award is in line with what has been awarded in other Illinois cases. *See, e.g., In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011) (awarding $5,000 to class representatives).

  d. <u>Attorneys' Fees and Costs</u>.  Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $75,000.  Defendant shall not oppose Class Counsel's fee petition for an amount not to exceed $75,000.

  e. <u>Cost of Class Notice and Administration</u>.  Defendants will pay all fees, costs, charges, and expenses incurred in connection with the administration of the Class Notice program and the calculation and payment of distributions from the Settlement Consideration to Class Members.

  f. <u>Settlement Funding and Timing</u>:  All of the consideration in this Paragraph shall be paid by Defendants' own general funds, and not out of funds in the Class Members' HRA accounts.  Payment to Plaintiff and Class Counsel shall be made ten days after the Effective Date, and, assuming Class Members have not

---

[1] Because the class list contains confidential information, including the class members' addresses and names of health providers, Plaintiff will be requesting to file that document under seal.

excluded themselves, payments to the Class Members will be paid within 30 days of the Effective Date. If there is more than one individual covered by an account, they will be treated as one Class Member for the purposes of the settlement. For such accounts, checks will be payable to the retiree account holder or, if the retiree is deceased, any surviving spouse. Checks issued to Class Members will be void after 90 days ("Void Date").

g. Undistributed Funds: If, following the Void Date of the Class Members' checks, more than 20% of the total amount of settlement payments remain undistributed, those funds will be distributed to Prairie State Legal Services, as a *cy pres* award. Any undistributed funds that are less than 20% of the total amount of settlement payments will be returned to Defendants.

6. Class Notice. Within 15 business days after entry of the preliminary approval order attached as Exhibit B to the Agreement, Defendants shall provide the Settlement Administrator with a Class List (the names and most recent addresses of the Class Members). Within 30 days after the date the Class List is provided, Defendants' counsel, through the Settlement Administrator, shall cause the Notice in the form of Exhibit C to the Agreement to be sent to the last known addresses of the Class Members. Prior to the Settlement Administrator mailing the Notice, the Settlement Administrator shall confirm current addresses for Class Members by running their addresses through the National Change of Address database. The Class Administrator shall distribute the Notice via electronic mail and/or any form of U.S. Mail providing address forwarding. Each mailed individual Notice shall be sent with a request for forwarding addresses. In the event that an individual Notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned Notice to the address provided within five days of receipt. The Notice to each Class Member shall include a claim form that outlines the Class Member's Settlement Amount.

7. Right to Dispute Settlement Amount: Each Class Member shall have 40 days from the mailing of the Notice to dispute their Settlement Amount. Any such dispute shall be initiated during the 40-day time period by submitting the claim form attached as Exhibit D to the

Agreement, along with any evidence to support the Class Member's dispute, including any documentation of any claims the Class Member believes should be included in the Settlement Amount set forth in the Notice. Within 21 days of submission of any such dispute, Class Counsel will review the Class Member's submission and notify Defendants as to whether Class Counsel agrees the disputed amount should be included in the Settlement Amount. Defendants agree to conduct a reasonable review of any such disputes and, within 21 days of receiving Class Counsel's position regarding the dispute, notify Class Counsel of Defendants' position regarding the dispute. Within 14 days of receiving Defendants' position, Class Counsel will notify each such Class Member of any revised payment amounts, if any. If a Class Member disagrees, the Class Member may file a request for exclusion as provided in Paragraph 19 of the Agreement. Additionally, whether or not a Class Member disputes their Settlement Amount as provided for in Paragraph 17 of the Agreement, Class Members shall have 40 days after the Settlement Administrator mails the Notice to request exclusion from the proposed settlement or object to the proposed settlement.

8. <u>Merits of Settlement</u>: The settlement provides a substantial benefit to the class members, while also allowing them to retain all of the funds that were in their HRA accounts at the time they submitted the relevant claims. While Class Counsel believe they have a strong claim, there are factual issues regarding whether the Class Members relied and/or justifiably relied on the mistaken document that was posted for short period (during January 2019) on a website, which contradicted the actual written ERISA plan terms. There is also a legal issue regarding whether the written ERISA plan or the website controls in such a situation. This Court's decision on class certification did not conclusively resolve the issue of whether reliance is required, and Defendants appeared likely to appeal any decision that it was not required, had the case not settled. The settlement is structured to take into account the risk of losing, and the fact that it became

progressively less likely over time that Class Members relied on the mistaken list, once it was removed on February 1, 2019. Because the settlement is being paid out of Defendants' funds, that also means that all Class Members are able to retain the full amount of the submitted claims in their HRAs, regardless of what percentage of their claim is compensated under the terms of the settlement. They have been free to use that money for any expenses allowed by the plan documents.

9. The class release is narrowly tailored to cover only the claims that were alleged in the complaint.

10. The settlement in this case complies with Seventh Circuit case law concerning class action awards and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014; and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Unlike *Pella*, 753 F.3d at 722, 723–24, there is no conflict of interest here between the named Plaintiff and the Class, for reasons including that the Plaintiff shares no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Eubank*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorneys' fees to Class Counsel prior to the Notice being sent to the Class Members. *Id*. In addition, unlike *Redman*, the instant settlement does not involve coupons. 768 F.3d at 635–37. Here, there is no difficulty valuing the settlement. The settlement contemplates total payment of just under $300,000, and the Class Members are not required to submit a claim form in order to receive their money. Plaintiff further submits that the Notice gives fair notice to the class, outlines the terms of the settlement, and sets forth the ways in which Class Members can object to the settlement or dispute the amount they are to receive, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process. The

Notice will be sent with a document stating how much that Class Member is expected to receive, and it provides the Class Members an opportunity to dispute that amount and submit evidence to the contrary. Class Members who disagree with the results of their dispute will be allowed the opportunity to exclude themselves from the settlement, as noted above.

11. If the Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

12. Class Counsel will file a fee petition in support of their request for attorneys' fees prior to the final approval hearing. Attorneys' fees will be paid separately from the class fund by Defendants and will not reduce the amount going to the Class Members. ERISA is a fee-shifting statute and the fees are being paid pursuant to that provision. The amount that will be requested is currently more than $10,000 less than Class Counsel's current lodestar (which will increase by final approval), and Class Counsel will provide billing records with their fee petition.

13. The payment of attorneys' fees in this case is consistent with the principles set forth in *Pearson*, 772 F.3d 778; *Redman*, 768 F.3d 622; and *Eubank*, 753 F.3d 718. The size of the fee award does not affect the award to the Class, unlike in *Pearson, Redman*, and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

14. <u>Schedule for Class Notice and Objections:</u>  Plaintiff requests that the Court set the following schedule for the proposed Agreement:

    a. Defendants are to provide the Settlement Administrator with the Class List within 15 business days after entry of the Preliminary Approval Order. The Class Notice (<u>Exhibit C</u> to <u>Appendix A</u>) is to be mailed by the Settlement Administrator within 30 days of receiving the Class List;

    b. Class Members shall have until 40 days after the Class Notice is mailed to request exclusion or object to the settlement. Class Members shall also have 40 days from the mailing of the Notice to dispute their Settlement Amount using the form attached as <u>Exhibit D</u> to the Agreement. Class Counsel shall have 21 days from submission of a dispute to review the dispute and notify Defendants whether Class Counsel agrees the disputed amount should be included in the Settlement Amount. Defendants shall conduct a reasonable review of any such disputes and, within 21 days of receiving Class Counsel's position regarding the dispute, notify Class Counsel of Defendants' position regarding the dispute. Within 14 days of receiving Defendants' position, Class Counsel will notify each such Class Member of any revised payment amounts, if any. If a Class Member disagrees, within 21 days of receiving this notification, the Class Member may file a request for exclusion as provided in Paragraph 19 of the Agreement.

    c. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held before this Court on a date at least one hundred and twenty (120) days after the mailing of the Class Notice, and notification provided under the Class Action Fairness Act.

  WHEREFORE, Plaintiff respectfully requests that the Court enter an order in the form of <u>Exhibit B</u> to the Agreement, which (a) preliminarily approves the Agreement; (b) approves <u>Exhibit C</u> to the Agreement as Notice to the Class to be directed to the last known address of the Class Members as shown on Defendants' records, (c) sets a date for Class Members to request exclusion or object, and (d) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

                Respectfully submitted,

                */s/ Tara L. Goodwin*
                Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
tgoodwin@edcombs.com

## CERTIFICATE OF SERVICE

      I, Tara L. Goodwin hereby certify that on April 8, 2022, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Tara L. Goodwin*
Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)