E-FILED
Thursday, 06 October, 2022  09:56:49 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BOB KING, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-01120-JES-KLM ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM INSURANCE COMPANIES HEALTH REIMBURSEMENT ARRANGEMENT PLAN FOR UNITED STATES ELIGIBLE INDIVIDUALS, | ) Judge James E. Shadid ) ) Magistrate Judge Karen L. McNaught ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Bob King, respectfully requests that this Court enter an order granting final approval of the proposed Class Settlement agreement (the "Agreement") attached hereto as Appendix A.

On April 12, 2022, this Court entered a preliminary approval order which approved the settlement between the Plaintiff and Defendants and approved the sending of notice to the Settlement Class defined as: All individuals who meet the definition of Eligible Individual under the 2019 State Farm Insurance Companies Retiree Health Reimbursement Arrangement Plan for United States Employees who: (1) prior to March 31, 2021, presented claims for medical, dental and vision services performed in January 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1,

1

2019; and/or (2) prior to April 15, 2019, presented claims for services performed between February 1, 2019 and April 15, 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019. The proposed class is slightly broader than the class that was initially certified. Defendants represent, based on reasonable investigation, that the Settlement Class as defined above consists of approximately 987 individuals.  A class list was filed under seal in conjunction with the Preliminary Approval Motion.

Defendants' counsel then caused actual notice, in the form approved by the Court to be mailed via the United States Postal Service ("USPS") to the Settlement Class members. Sixteen notices were returned as undeliverable with no forwarding address.   The settlement administrator re-mailed notices to three Settlement Class members for whom the settlement administrator was able to locate a new address. Counsel have received no objections to the settlement and three requests to be excluded, from the following class members: Ellen Edwards, Kathleen Bell, Russell Boeddinghaus.

Counsel also received three Claim Form Disputes from Class Members. Appendix B, Declaration of Jeff Moore. Of those three, Class member Marlene Lowe later withdrew her dispute after corresponding with Class Counsel.  Class Counsel and Defendants' counsel agreed that a dispute submitted by Billye Peeples was invalid, and she was sent a letter advising her of same and of her right to exclude herself from the Class Settlement by September 21, 2022.  The final dispute, which was submitted by Thomas Jacobs, was approved, and he is therefore receiving an additional $284.55.

I. **Overview of the Case**

Plaintiff, individually and on behalf of a class, filed this case on April 8, 2019, and filed an Amended Complaint on September 30, 2019. Plaintiff's complaint alleged that Defendants, State Farm Mutual Automobile Insurance Company and the State Farm Insurance Companies Retiree Health Reimbursement Arrangement Plan for United States Employees ("State Farm" or "Defendants"), violated the Employee Retirement Income Security Act ("ERISA") when they published a list of medical, dental and vision expenses eligible for reimbursement from the Class Members' health accounts on a website, but later replaced the list and failed to reimburse Plaintiff and the Class Members who had contracted for certain services that were covered under the original list, for the costs of the services.

The Parties engaged in written discovery and Plaintiff filed a motion for class certification on April 30, 2020. Defendants objected, and this Court entered an order certifying the following class on August 18, 2020:

> All participants and beneficiaries of the State Farm Insurance Companies Health Reimbursement Arrangement Plan for United States Eligible Individuals who presented claims for services covered under Exhibit A, and either received those services in January of 2019 or began a course of treatment in January of 2019, which claims were not paid.

Defendants sought leave to appeal, which was denied on September 22, 2020. The Parties then engaged in settlement negotiations that resulted in the present settlement.

II. **Terms of Settlement**

Based upon counsels' review and analysis, the parties have entered into the Agreement to settle and compromise this matter on the terms and conditions embodied in the Agreement and agree as follows:

a. <u>Payment to Class Members</u>: Defendants shall provide directly to the Class payment (the "Settlement Amount") as follows:

For claims with January 2019 dates of service, submitted by March 31, 2021: 80% of the total allowable amount;

For claims with February 2019 dates of service, submitted by April 15, 2019: 70% of the total allowable amount;

For claims with March 2019 dates of service, submitted by April 15, 2019: 50% of the total allowable amount; and

For claims with April 1, 2019 – April 15, 2019 dates of service, submitted by April 15, 2019: 35% of the total allowable amount.

A preliminary Class list, including information on the amounts of the submitted claims and the potential Settlement Amount for each Class Member, was filed under seal in conjunction with the Preliminary Approval Motion. It is estimated that these payments will total $299,527.

b. <u>Relief to Plaintiff</u>: Defendants shall pay Plaintiff $3,779.43, plus an additional incentive award in the amount of $4,500. These will be the only payments to Plaintiff

c. <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $75,000.

d. <u>Cost of Class Notice and Administration</u>. Defendants paid all fees, costs, charges, and expenses incurred in connection with the administration of the Class Notice program and the calculation and payment of distributions from the Settlement Consideration to Class Members.

e. <u>Settlement Funding and Timing</u>: All of the consideration in this Paragraph shall be paid by Defendants' own general funds, and not out of funds in the Class Members' HRA accounts. Payment to Plaintiff and Class Counsel shall be made ten days after the Effective Date, and, assuming Class Members have not excluded themselves, payments to the Class Members will be paid within 30 days of the Effective Date. If there is more than one individual covered by an account, they will be treated as one Class Member for the purposes of the settlement. For such accounts, checks will be payable to the retiree account holder or, if the retiree is deceased, any surviving spouse. Checks issued to Class Members will be void after 90 days ("Void Date").

f. <u>Undistributed Funds</u>: If, following the Void Date of the Class Members' checks, more than 20% of the total amount of settlement payments remain undistributed, those funds will be distributed to Prairie State Legal Services, as a *cy pres* award. Any undistributed funds that are less than 20% of the total amount of settlement payments will be returned to Defendants.

  g. <u>Right to Dispute Settlement Amount</u>: Each Class Member had 40 days from the mailing of the Notice to dispute their Settlement Amount. Any such dispute was to be initiated during the required time period by submitting the claim form along with any evidence to support the Class Member's dispute. Within 21 days of submission of any such dispute, Class Counsel reviewed the Class Member's submissions and notified Defendants as to whether Class Counsel agreed the disputed amount should be included in the Settlement Amount. Defendants then conducted a reasonable review the disputes and, within 21 days of receiving Class Counsel's position regarding the disputes, notified Class Counsel of Defendants' position regarding the disputes. Within 14 days of receiving Defendants' position, Class Counsel notified each such Class Member of any revised payment amounts, if any, and of their right to request for exclusion as provided in Paragraph 19 of the Agreement.

## IV. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The Court should grant final approval to the Settlement. The Class meets all the requirements of Fed. R. Civ. P. 23 and the Settlement is fair and reasonable.

  **A.** **The Class Meets All the Requirements of Fed. R. Civ. P. 23(a) and (b)(3)**

   1. The Settlement Class of 987 people is sufficiently numerous such that joinder is impracticable;

   2. Common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, and include whether the written ERISA plan or the website controls where they differ due to an alleged error;

   3. The claims of Plaintiff Bob King are typical of the Class Members' claims;

   4. Plaintiff Bob King, and his attorneys, Daniel A. Edelman and Tara L. Goodwin of Edelman, Combs, Latturner and Goodwin, LLC, are capable of fairly and adequately protecting the interests of the Settlement Class in connection with the Settlement; and

   5. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

  **B.** **The Settlement Is Fair, Reasonable, and Adequate**

In assessing the fairness of class settlements, courts consider six factors:

1. The strength of the plaintiff's case on the merits measured against the settlement terms;

2. The complexity, length, and expense of further litigation;

3. The amount of opposition to the settlement;

4. The reaction of members of the class to the settlement;

5. The opinion of competent counsel; and

6. The state of the proceedings and the amount of discovery completed.

*Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). Taking into account these six factors, the Court should approve the Settlement.

   **1.    The Strength of the Plaintiff's Case on the Merits Measured Against the Settlement Terms.**

"The most important factor" in determining whether a proposed settlement satisfies Rule 23 is the "strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citations omitted). Specifically, the court must "estimate the likely outcome of a trial" to determine the adequacy of a settlement. *Eubank v. Pella Corp.*, 753 F.3d 718, 727 (7th Cir. 2014)*; see also Gerich v. Chase Bank, USA*, *NA,* 316 F.R.D. 215*,* 227 (N.D. Ill. 2016)*.* "The court should not "reject[ ]" a settlement "solely because it does not provide a complete victory to plaintiffs," for "the essence of settlement is compromise.*" Id.* at 228*.*

The settlement provides a substantial benefit to the class members, while also allowing them to retain all of the funds that were in their HRA accounts at the time they submitted the relevant claims. While Class Counsel believe they have a strong claim, there are factual issues regarding whether the Class Members relied and/or justifiably relied on the mistaken document

6

that was posted for a short period (during January 2019) on a website, which contradicted the actual written ERISA plan terms.  There is also a legal issue regarding whether the written ERISA plan or the website controls in such a situation.  This Court's decision on class certification did not conclusively resolve the issue of whether reliance is required, and Defendants appeared likely to appeal any decision that it was not required, had the case not settled.  The settlement is structured to take into account the risk of losing, and the fact that it became progressively less likely over time that Class Members relied on the mistaken list, once it was removed on February 1, 2019.  Because the settlement is being paid out of Defendants' funds, that also means that all Class Members are able to retain the full amount of the submitted claims in their HRAs, regardless of what percentage of their claim is compensated under the terms of the settlement.  They have been free to use that money for any expenses allowed by the plan documents.

The percent being recovered by the class members, in cash, with no need to submit a claim form, compares extremely favorably to other class action settlements. Numerous courts have approved settlements where the class was recovering 10-12% of their maximum damages. *Schulte v. Fifth Third Bank, NA*, 805 F.Supp.2d 560, 584 (N.D.Ill. 2011);  *In re Ravisent Techs., Inc. Sec. Litig.*, 2005 WL 906361, at *9 (E.D.Pa. Apr. 18, 2005) (approving settlement, which amounted to 12.2% of damages, and citing study by Columbia University Law School, which determined that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted).

      **2. and 6.**    **The complexity, length, and expense of further litigation and the state of the proceedings and the amount of discovery completed.**

As summarized above, the parties settled the case after having engaged in written discovery and motion practice, including a contested class motion. Depositions have been noticed, but not yet taken. After the class was certified, summary judgment motions would have been required to resolve the case and obtain a recovery for the class members. The second and sixth *Accretive Health* factors weigh in favor of approval of the settlement. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d at 586 (approving settlement when non-approval would have resulted in substantial additional litigation).

### 3-4. The amount of opposition to the settlement and the reaction of members of the class to the settlement.

Substantial opposition to a settlement weighs against approving a settlement. Here, there were no objections. The third and fourth *Accretive Health* factors plainly weigh in favor of approval of the settlement. Only three class members requested to be excluded from the class. In addition, only two class members disputed the specific amounts they were notified that they would receive, and one of those disputes was upheld.

### 5. The opinion of competent counsel.

Class Counsel, experienced class action lawyers, believe that the settlement is fair, reasonable, and adequate. The Settlement Class members are obtaining a substantial cash recovery which is reasonable relative to the injury sustained. The settlement was negotiated at arms-length. This factor also weighs in favor of approval of the settlement. *Schulte*, 805 F. Supp. 2d at 586-87 ("Class Counsel has extensive experience in consumer class actions and complex litigation and there is no indication that the Settlement Agreement is the victim of collusion. Class Counsel believes that the Settlement is beneficial to the Class and meets the class-certification requirements of Rule 23. The Court thus concludes that the opinion of competent counsel in this case supports its approval of the Settlement.")

V.     **THE AWARD TO PLAINTIFF IS FAIR AND REASONABLE.**

The Settlement provides for an incentive payment to Plaintiff Bob King of $4,500, in addition to his damages of $3,779.43. These numbers were based on Plaintiff's actual damages along with the extensive involvement Mr. King had in this Litigation, which included locating Class Counsel willing to file a case. Plaintiff communicated extensively with class counsel over the entire course of the litigation and participated in discovery.

"Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Lit I*, 264 F.3d 712, 722 (7th Cir. 2001). If those individuals "would have stepped forward without the lure of an 'incentive award,' there is no need for such additional compensation." *Id.* at 723. When determining whether and how much to award as an incentive for a named plaintiff, courts are instructed to consider "actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook,* 142 F.3d at 1016." *Kolinek v. Walgreen Co.*, 311 F.R.D. 48, 503 (N.D.Ill. 2015). Courts have granted incentive awards of $5,000 to class representatives who have done little compared to what Mr. King did in this action, and Mr. King also had significant individual damages, which he could have recovered much more quickly had he filed an individual case. *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011) (awarding $5,000 to class representatives who were not called on to answer discovery).

VI.    **THE ATTORNEY'S FEES AND COSTS ARE REASONABLE.**

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, has filed a separate petition for fees in the amount of $75,000, the maximum amount Defendants agreed to pay in

fees and costs pursuant to the Settlement. For the reasons set forth in the petition, Class Counsel respectfully requests an award of $75,000 in fees and costs.

The settlement in this case complies with recent case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.,* 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the Class is distinct and separate from the attorneys' fees in this case. ERISA is a fee shifting statute and the fees being awarded to the Class Counsel would not come from a class fund but rather by payment directly from Defendants. Thus, the size of the attorneys' fees award does not affect the award to the Class, unlike cases such as *Pearson, Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. The Class Members do not have to do anything to receive their money, as the settlement does not require claim forms unless the class member disputed the amount they were to receive, which will ensure that the vast majority of the Class will actually receive the settlement benefits. The Seventh Circuit has also since made it clear that fees can even exceed a class recovery, in a case where it ordered an award of $2.7 million in fees where the expected class recovery was $900,000. *In re Sears, Roebuck and Co. Front-Loading Washer Products Liability Lit.*, 867 F.3d 791 (7th Cir. 2017). Just as in the *Barnes* case, Class Counsel in this case litigated the case vigorously in response to numerous arguments being made by Defendants on both the merits and class certification issues. The details of this are set forth in Class Counsel's separate fee petition.

As set forth in the petition and supporting documents, Class counsel's lodestar is currently over under $102,000. Under the circumstances, an award of $75,000 to Class Counsel is fair and reasonable.

## VII. CONCLUSION

For all the foregoing reasons, Plaintiff, individually and on behalf of himself and all others similarly situated, by Class Counsel, respectfully request that this Court grant final approval of the Agreement and enter the parties' proposed Final Approval Order, which is attached as Appendix C.

        Respectfully submitted,

        For Plaintiff and the Class:

        */s/  Tara L. Goodwin*
        Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
dedelman@edcombs.com
tgoodwin@edcombs.com

## CERTIFICATE OF SERVICE

      I, Tara L. Goodwin hereby certify that on October 6, 2022 a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                   */s/ Tara L. Goodwin*
                                                     Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)