IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



FILED
OCT 12 2022
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB KING,<br>individually and on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, and<br>STATE FARM INSURANCE<br>COMPANIES HEALTH<br>REIMBURSEMENT ARRANGEMENT<br>PLAN FOR UNITED STATES<br>ELIGIBLE INDIVIDUALS,<br><br>    Defendants. | No. 1:19-cv-01120-JES-KLM<br><br>Judge James E. Shadid<br><br>Magistrate Judge Karen L. McNaught |

## **FINAL APPROVAL ORDER**

The Court having held a Final Approval Hearing on October 12, 2022, and having considered the papers submitted to the Court and the proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement initially filed with the Court on April 8, 2022, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this lawsuit and over the parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All individuals who meet the definition of Eligible Individual under the 2019 State Farm Insurance Companies Retiree Health Reimbursement Arrangement Plan for

United States Employees who: (1) prior to March 31, 2021, presented claims for medical, dental and vision services performed in January 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019; and/or (2) prior to April 15, 2019, presented claims for services performed between February 1, 2019 and April 15, 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019.

3. The Settlement Class is certified because, in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3): (1) the class as defined is sufficiently numerous such that joinder is impracticable; (2) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether Defendants violated the Employee Retirement Income Security Act ("ERISA") when they published a list of medical and dental expenses eligible for reimbursement from Class Members' health accounts on a website, but later replaced the list and failed to reimburse Class Members who had contracted for services that were covered under the original list, for the costs of the services; (3) the claims of Bob King are typical of the Class Members' claims; (4) Plaintiff Bob King is an appropriate and adequate representative for the Class and his attorneys, Daniel A. Edelman and Tara L. Goodwin of Edelman, Combs, Latturner and Goodwin, LLC are qualified to serve as counsel for Plaintiff and the Settlement Class; (5) questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Notice was given to the Settlement Class pursuant to the Preliminary Approval Order and the Settlement Agreement. The Court is informed that actual notice was sent by first class mail to approximately 987 class members. A total of 16 envelopes were returned by the United States Postal Service as "undeliverable" with no forwarding address available. New addresses were found for three Class Members and they were mailed to the new addresses. Three class members requested exclusion, and no objections were filed or received. The following class

members are opted out of the Settlement Class and are not covered by the release in the Settlement Agreement: Ellen Edwards, Kathleen Bell, Russell Boeddinghaus.

5. The dissemination of the notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

6. On October 12, 2022 the Court held a fairness hearing to which Class Members, including any with objections, were invited. _No_ class members objected or requested exclusion from the settlement at the hearing.

7. The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiff, Class Counsel, and Defendants. The Settlement Agreement is fair, reasonable and adequate.

8. The Settlement Agreement is finally approved and shall be implemented pursuant to its terms.

9. The Court hereby dismisses with prejudice all claims asserted by the Plaintiff against Defendant and dismisses without prejudice, the claims of the Class Members. This lawsuit is thereby dismissed in its entirety.

10. This Court awards to Class Counsel their attorneys' fees and costs in the amount of $75,000, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation. Such payment shall be made within 10 days of the Effective Date, as defined in the Settlement Agreement, by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account.

11. This Court approves payment of $8,279.43 to Plaintiff Bob King for his damages and services to the Settlement Class. Such payment shall be made within 10 days of the Effective Date by check made payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account.

12. Within 30 days of the Effective Date, the settlement administrator will mail checks to the Class Members. The checks shall be void after 90 days from the date of issuance.

13. If, following the Void Date of the Class Members' checks, more than 20% of the total amount of settlement payments remain undistributed, those funds will be distributed to Prairie State Legal Services, as a *cy pres* award. Any undistributed funds that are less than 20% of the total amount of settlement payments will be returned to Defendants.

14. This Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement.

15. Upon the Effective Date, Plaintiff and the Class Members grant the following releases:

**By Plaintiff:** Bob King grants the following release: Plaintiff, Bob King, including his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (in their capacity as such), fully and forever resolves, releases and discharges Defendants as well as their past, present and future predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, investors, partners, insurers, members, officers, directors, shareholders, managers, plan fiduciaries, employees, agents, servants, representatives, officials, attorneys, associates, principals, agents and trustees, (in their capacity as such) (collectively, "Released Parties"), from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature which were brought or could have been brought against Defendants in the Litigation (the "Released Claims").

**By the Class:** Each member of the Class who does not exclude themselves fully and forever resolves, releases and discharges the Released Parties from any and all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature that were alleged in the Litigation or that arise out of or relate to the conduct alleged in the Litigation (the "Released Claims"). This includes, specifically, any and all claims against the Released Parties arising from or relating to the failure to pay claims (1) submitted prior to March 31, 2021 for medical, dental and vision services performed in January 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims

were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019; and/or (2) submitted prior to April 15, 2019 for services performed between February 1, 2019 and April 15, 2019 covered under a list of erroneous eligible expenses that was posted between January 1, 2019 and February 1, 2019, which claims were not paid due to the changes made to accurately reflect the HRA-covered expenses listed effective February 1, 2019.

16. The terms of the Settlement Agreement are incorporated into this order.

17. Except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs.

SO ORDERED this 12 day of Oct, 2022.

s/James E. Shadid

Honorable James E. Shadid
United States District Court Judge